IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| KATHERINE GODFREY, GAIL MORRIS, TAMALA WATKINS, EVELYN DAVIS, MONICA DENTLY, and CARLA LLOYD individually and on behalf of all others similarly situated, and KIMBERLY BAILEY, MILDRED BROWN, LYNETTE COLLINS, LONETTA CURTIS, ELAINE GARNER, LAURA HENRY, LYNETTE MOORE, ERICA D. SANDERS, ANGELA SMITH, GWEN STEVENSON, YOLANDA WEBB, SHEILA WILLIAMS, DANITA WILLIAMS, and LETREONA WOODS, individually,<br><br>      Plaintiffs,<br><br>vs.<br><br>CITY OF CHICAGO, a municipal corporation<br><br>      Defendant. | CLASS ACTION COMPLAINT<br><br>Case No.:<br><br>**COMPLAINT** |

Katherine Godfrey, Gail Morris, Tamala Watkins, Evelyn Davis, Monica Dently, and

Carla Lloyd (the "Representative Plaintiffs"), on behalf of themselves and all others similarly

situated, and Kimberly Bailey, Mildred Brown, Lynette Collins, Lonetta Curtis, Elaine Garner,

Laura Henry, Lynette Moore, Erica D. Sanders, Angela Smith, Gwen Stevenson, Yolanda Webb,

Sheila Williams, Danita Williams, and Letreona Woods (the "Individual Plaintiffs"), on behalf of

themselves individually, (collectively the "Plaintiffs"), allege the following upon information

and belief against Defendant, the City of Chicago (hereafter "City" or "Defendant"):

## I.      NATURE OF THE CLAIM

1.      This is an action brought to remedy discrimination in employment on the basis of

gender in violation of Title VII of the Civil Rights Act of 1964 (hereafter "Title VII"), as

amended, 42 U.S.C. §§ 2000e, *et seq.*  This action seeks declaratory and injunctive relief, and

back pay and other equitable make whole relief both to secure future protection and to redress the past deprivation of rights secured to Plaintiffs and the Class under Title VII.

2.      The City hires and employs firefighter/Emergency Medical Technicians (hereafter "EMT") for the Chicago Fire Department (hereafter "CFD"), a department of the City.

3.      Twenty five years ago, under pressure from the U.S. Department of Justice, the City hired its first ever female firefighters.  On information and belief, today, twenty five years later, there are only 116 women in the CFD, "representing just over 2 percent of the department of more than 5,000" members.  "25 Years of Courage," *Chicago Tribune*, June 26, 2011.

4.      Plaintiffs are female members of a plaintiff class of African-Americans who applied for entry-level firefighter jobs with the CFD who sued the City alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* in the case *Lewis et al. v. City of Chicago*, No. 98 C 5596 (N.D. Ill.) (hereafter "*Lewis* class members").  Specifically, *Lewis* class members argued that the City's use of a written cognitive entrance exam in 1995 had an unjustified adverse impact on African-American applicants.  The United States District Court, Northern District of Illinois, found in favor of the *Lewis* class members on the liability aspects of their discrimination claim against the City on March 22, 2005, a decision which was affirmed by the United States Court of Appeals for the Seventh Circuit on May 13, 2011.

5.      As part of the injunctive relief ordered by the court in *Lewis*, the court required the City to, among other things, hire 111 *Lewis* class members as firefighter/EMTs.

6.      The City required *Lewis* class members who wished to be considered for one of the 111 firefighter/EMT positions, among other things, to take and pass a physical abilities test ("PAT") in order to be part of the pool of *Lewis* class members eligible to continue to be processed for one of the 111 firefighter jobs.  The PAT that the City administered to the *Lewis* class members had a disparate impact on women.

7.      The PAT was not "job related" for the firefighter/EMT position, or "consistent with business necessity" of the City, as those terms are used in the Civil Rights Act of 1991, Pub.

2

L. No. 102-166, § 105, 105 Stat. 1071, 1074-75 (codified as amended at 42 U.S.C. § 2000e-2(k)), does not otherwise meet the requirements of Title VII, and accordingly, violates Title VII.

8.     Prior to the City's administration of the PAT to the *Lewis* class members, the City was aware from its multiple, previous administrations of the PAT that it had a severe disparate impact on women.  Yet despite the PAT's known disparate impact on women, the City chose to administer the PAT and utilize its results in processing *Lewis* class members for the 111 firefighter/EMTs.

9.     At the time the City administered the PAT to the *Lewis* class members, there were less discriminatory alternative physical abilities tests and/or selection procedures for firefighter/EMT applicants available which the City refused or failed to adopt.

10.     On information and belief, the City utilized the PAT with the intention of discriminating against female *Lewis* class members or with reckless disregard of the fact that the PAT and its use have that unlawful effect.

11.     Plaintiffs seek:  (a) declaratory and injunctive relief, including but not limited to the issuance of a classwide judgment declaring that the policies, practices, and/or customs described herein violate federal law; (b) injunctive relief to halt the practice of using a selection procedure – the PAT – which adversely impacts female applicants; (c) an order establishing procedures to correct the present effects of the City's discriminatory policies and practices; and (d) back pay and other equitable relief to make whole female applicants for CFD firefighter/EMT positions who have been injured by the City's unlawful hiring practices.

## II.     JURISDICTION AND VENUE

12.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  Plaintiffs are or have been residents of the City of Chicago, County of Cook, State of Illinois.  The acts that gave rise to the claims alleged in this Complaint occurred in Illinois and in this District.

421143-11

### III. EXHAUSTION OF ADMINISTRATIVE REQUIREMENT

14.     Plaintiffs have fulfilled all administrative prerequisites necessary to maintain this action.

15.     On or about January 31, 2012, Plaintiff Godfrey filed a timely charge of discrimination on her own behalf and on behalf of all other women similarly situated with the Equal Employment Opportunity Commission ("EEOC") charging the City with discrimination against her on the basis of sex by administering a PAT that disqualified her and a disproportionate number of other women.  A true and accurate copy of Ms. Godfrey's EEOC complaint is attached hereto as Exhibit 1.

16.     On or about August 2, 2012, Plaintiff Godfrey received notification of right to sue from the EEOC.

17.     On or about January 27, 2012, Plaintiff Morris filed a timely charge of discrimination on her own behalf and on behalf of all other women similarly situated with the EEOC charging the City with discrimination against her on the basis of sex by administering a PAT that disqualified her and a disproportionate number of other women.  A true and accurate copy of Ms. Morris' EEOC charge is attached hereto as Exhibit 2.

18.     On or about August 2, 2012, Plaintiff Morris received notification of right to sue from the EEOC.

19.     On or about January 26, 2012, Plaintiff Watkins filed a timely charge of discrimination on her own behalf and on behalf of all other women similarly situated with the EEOC charging the City with discrimination against her on the basis of sex by administering a PAT that disqualified her and a disproportionate number of other women.  A true and accurate copy of Ms. Watkins' EEOC complaint is attached hereto as Exhibit 3.

20.     On or about August 2, 2012, Plaintiff Watkins received notification of right to sue from the EEOC.

21.     Plaintiff Davis filed a timely charge of discrimination on her own behalf and on behalf of all other women similarly situated with the EEOC charging the City with discrimination against her on the basis of sex by administering a PAT that disqualified her and a disproportionate number of other women.  A true and accurate copy of Ms. Davis' complaint is attached hereto as Exhibit 4.

22.     On or about August 2, 2012, Plaintiff Davis received notification of right to sue from the EEOC.

23.     On or about January 31, 2012, Plaintiff Monica Dently filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex.  A true and accurate copy of Ms. Dently's EEOC complaint is attached hereto as Exhibit 5.

24.     On or about August 2, 2012, 2012, Plaintiff Dently received notification of right to sue from the EEOC.

25.     On or about January 31, 2012, Plaintiff Carla Lloyd filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex.  A true and accurate copy of Ms. Lloyd's EEOC complaint is attached hereto as Exhibit 6.

26.     On or about August 2, 2012, Plaintiff Lloyd received notification of right to sue from the EEOC.

27.     On or about January 31, 2012, Plaintiff Kimberly Bailey filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex.  A true and accurate copy of Ms. Bailey's EEOC complaint is attached hereto as Exhibit 7.

28.     On or about August 2, 2012, Plaintiff Bailey received notification of right to sue from the EEOC.

29.     On or about January 31, 2012, Plaintiff Mildred Brown filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex.  A true and accurate copy of Ms. Brown's EEOC complaint is attached hereto as Exhibit 8.

30.     On or about August 2, 2012, 2012, Plaintiff Brown received notification of right to sue from the EEOC.

31.     On or about February 2, 2012, Plaintiff Lynette Collins filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Collins' EEOC complaint is attached hereto as Exhibit 9.

32.     On or about August 2, 2012, 2012, Plaintiff Collins received notification of right to sue from the EEOC.

33.     On or about February 1, 2012, Plaintiff Lonetta Curtis filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Curtis' EEOC complaint is attached hereto as Exhibit 10.

34.     On or about August 2, 2012, 2012, Plaintiff Curtis received notification of right to sue from the EEOC.

35.     On or about February 8, 2012, Plaintiff Elaine Garner filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Garner's EEOC complaint is attached hereto as Exhibit 11.

36.     On or about August 2, 2012, Plaintiff Garner received notification of right to sue from the EEOC.

37.     On or about January 31, 2012, Plaintiff Laura Henry filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Henry's EEOC complaint is attached hereto as Exhibit 12.

38.     On or about August 2, 2012, Plaintiff Henry received notification of right to sue from the EEOC.

39.     On or about January 31, 2012, Plaintiff Lynette Moore filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Moore's EEOC complaint is attached hereto as Exhibit 13.

40.     On or about August 2, 2012, Plaintiff Moore received notification of right to sue from the EEOC.

41.     On or about January 31, 2012, Plaintiff Erica D. Sanders filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Sanders' EEOC complaint is attached hereto as Exhibit 14.

42.     On or about August 2, 2012, Plaintiff Sanders received notification of right to sue from the EEOC.

43.     On or about January 31, 2012, Plaintiff Angela Smith filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Smith's EEOC complaint is attached hereto as Exhibit 15.

44.     On or about August 2, 2012, Plaintiff Smith received notification of right to sue from the EEOC.

45.     On or about January 31, 2012, Plaintiff Gwen Stevenson filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Stevenson's EEOC complaint is attached hereto as Exhibit 16.

46.     On or about August 2, 2012, Plaintiff Stevenson received notification of right to sue from the EEOC.

47.     On or about February 4, 2012, Plaintiff Yolanda Webb filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Webb's EEOC complaint is attached hereto as Exhibit 17.

48.     On or about August 2, 2012, Plaintiff Webb received notification of right to sue from the EEOC.

49.     On or about January 30, 2012, Plaintiff Sheila Williams filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of

421143-11

sex. A true and accurate copy of Ms. Williams' EEOC complaint is attached hereto as Exhibit 18.

50.     On or about August 2, 2012, Plaintiff Sheila Williams received notification of right to sue from the EEOC.

51.     On or about August 1, 2012, Plaintiff Danita Williams filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Williams' EEOC complaint is attached hereto as Exhibit 19.

52.     On or about August 2, 2012, Plaintiff Danita Williams received notification of right to sue from the EEOC.

53.     On or about January 31, 2012, Plaintiff Letreona Woods filed a timely charge of discrimination with the EEOC charging the City with discrimination against her on the basis of sex. A true and accurate copy of Ms. Woods' EEOC complaint is attached hereto as Exhibit 20.

54.     On or about August 2, 2012, Plaintiff Woods received notification of right to sue from the EEOC.

## IV.     PARTIES

### A.     Plaintiffs

55.     Plaintiffs Katherine Godfrey, Gail Morris, Tamala Watkins, Evelyn Davis, Monica Dently, Carla Lloyd, Kimberly Bailey, Mildred Brown, Lynette Collins, Lonetta Curtis, Elaine Garner, Laura Henry, Lynette Moore, Erica D. Sanders, Angela Smith, Gwen Stevenson, Yolanda Webb, Sheila Williams, Danita Williams, and Letreona Woods are female.

8

B.      **Defendant**

56.      The City is and was at all times relevant herein a municipal corporation organized and existing under the laws of Illinois.  The City is and was at all times relevant herein an employer as defined by Title VII.

V.      **GENERAL POLICES OR PRACTICES OF DISCRIMINATION**

57.      To be eligible for one of the 111 firefighter/EMT positions reserved for *Lewis* class members, the City required *Lewis* class member applicants to meet all other requirements and take and pass a PAT.

58.      The PAT that was administered to Plaintiffs and other *Lewis* class member applicants contained three of components: the arm lift, hose drag and high rise pack carry, and arm endurance test.  The City set a minimum cut-off score for the PAT, and applicants whose scores fell below the cut-off were removed the firefighter/EMT eligibility list.

59.      Female *Lewis* class member applicants for the firefighter/EMT position failed the PAT at a higher rate than their male counterparts.  This observed disparity in pass/fail rates by gender is statistically significant.

60.      There is no empirical data demonstrating that the PAT is predictive of or significantly correlated with important elements of job performance.  The individual physical abilities tested by the PAT have not been proven to be representative of important aspects of performance of the job of firefighter/EMT (that is, the PAT does not have demonstrated "content validity" as that term is defined in the EEOC's Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. § 107.16(D)).

61.      The PAT has not been shown to be predictive of or significantly correlated with important elements of job performance.  The individual physical abilities tested by the PAT have not been proven to measure the degree to which candidates have identifiable characteristics which have been determined to be important for successful job performance as a firefighter/EMT

9

(that is, the PAT does not have demonstrated "construct validity" as that term is defined in the EEOC's Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. § 107.16(E)).

62.     The PAT has not been shown to be predictive of or significantly correlated with important elements of work behavior of the job of firefighter/EMT (that is, the PAT does not have demonstrated "criterion validity" as that term is defined in the EEOC's Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. § 107.16(F)).

63.     The PAT has not been scientifically validated as it neither has construct validity, criterion validity, nor has been shown to be an accurate and reliable measure of the fitness areas tested.

64.     The City has a long history of denying equal employment opportunity through the use of discriminatory testing procedures in the CFD, in violation of Title VII of the Civil Rights Act. *See, e.g.*, *Lewis v. City of Chicago*, Case No. 98-C-5596 (N.D. Ill. Mar. 22, 2005); *United States v. Albrecht*, Nos. 73 C 661, 80 C 1590 (N.D. Ill.).

65.     The PAT administered to *Lewis* class member applicants is an older version of the firefighter/EMT physical abilities test that was used by the CFD until approximately 2007, when the CFD replaced the PAT with a newer firefighter/EMT physical abilities test. This newer test also has a disparate impact on female applicants and is the subject of a related class action complaint now pending in this Court, *Vasich v. City of Chicago*, Case No. 1:11-cv-04843 (N.D. Ill.) (Hon. J. Tharp).

66.     The City used the older test, the PAT, knowing that it had an adverse impact on women and at a time when it was a defendant in a lawsuit challenging the subsequent PAT on the ground that it, too, had an adverse impact of female applicants. The City was deliberately indifferent to the disparate impact of the PAT administered to the *Lewis* class members, which it knew had a disparate impact on women. The City's use of the earlier PAT was not justified by business necessity.

## VI.    CLAIMS OF PLAINTIFFS

67.    Plaintiffs Katherine Godfrey, Gail Morris, Tamala Watkins, Evelyn Davis, Monica Dently, Carla Lloyd, Kimberly Bailey, Mildred Brown, Lynette Collins, Lonetta Curtis, Elaine Garner, Laura Henry, Lynette Moore, Erica D. Sanders, Angela Smith, Gwen Stevenson, Yolanda Webb, Sheila Williams, Danita Williams, and Letreona Woods originally applied to be firefighter with the CFD in or before 1995.  They were not selected for a firefighter position at the time.  They subsequently were members of the certified class of African-American firefighter applicants who sued and were found to have been discriminated against by the City's use of a cognitive test it administered to firefighter applicants.  In or around October 2011 as part of the injunctive relief awarded to the African-American applicants who prevailed on the racial discrimination claims against the City in *Lewis v. City of Chicago*, No. 98 C 5596 (N.D. Ill.), Plaintiffs elected to compete for one of the 111 firefighter/EMT slots awarded by the Court.

68.    Plaintiffs met all of the initial eligibility criteria for becoming a firefighter/EMT with the CFD.

69.    Plaintiffs are and were fully capable of all physical requirements to perform the job of a City of Chicago firefighter/EMT.

70.    In November 2011, Plaintiffs took the PAT.

71.    In December 2011, Plaintiffs received notification that they did not receive a passing score on the PAT and therefore would be removed from consideration for the 111 firefighter/EMT positions to be made available to the *Lewis* class members.

## VII.    CLASS ACTION ALLEGATIONS

72.    Representative Plaintiffs Godfrey, Morris, Watkins, Davis, Dently, and Lloyd bring this Class Action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), and (c)(4) on behalf of a Class of all female *Lewis* class members who applied for one of the 111 firefighter/EMT positions made available as part of the injunctive relief awarded in *Lewis v. City of Chicago*, No. 98 C 5596 (N.D. Ill.), took and did not pass the PAT, and who, because of the

randomly assigned numbers they were assigned as part of the *Lewis* class instatement relief procedures, would have been eligible to continue to be further processed for one of the 111 firefighter/EMT positions but for their failure to pass the PAT.

73.     Representative Plaintiffs are members of the Class they seek to represent.

74.     The members of the Class identified herein are so numerous that joinder of all members is impracticable.  Although Plaintiffs do not know precisely how many women have failed to receive one of the 111 firefighter/EMT positions due to the adverse impact of the PAT, their number is far greater than can be feasibly addressed through joinder.  Identification of the individual class members can be determined from the City's PAT and application records and other records created and maintained by the city in connection with the *Lewis* class instatement relief procedures.

75.     There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members.  Common questions include, among others:  (1) whether the City used a discriminatory employment practice by administering a PAT that had a disparate impact on female applicants for the firefighter/EMT position; (2) whether the City's use of the PAT was job related for the firefighter/EMT position; (3) whether the cut-off score used by the City to determine whether an applicant passed or failed the PAT was a business necessity; (4) whether the City failed to consider and refused to use an available less discriminatory alternative physical abilities test; (5) whether the City was deliberately indifferent to the disparate impact that the PAT had on female applicants; (6) whether the City has intentionally discriminated against female applicants by using the PAT; (7) whether the City's policies and/or practices violate Title VII; and (8) whether equitable and injunctive relief for the Class is warranted.

76.     Representative Plaintiffs' claims are typical of the claims of the Class. Representative Plaintiffs, like other members of the Class, have suffered from the City's

421143-11

discriminatory hiring practices in that they were prevented from obtaining employment as firefighter/EMTs with the CFD.

77.     Representative Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Representative Plaintiffs have strong personal interests in the outcome of this action, have no conflicts of interest with members of the Class, and will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.  Counsel for Plaintiffs have the resources, expertise, and experience to prosecute this action.

78.     Plaintiffs and the Class they seek to represent have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief.  Plaintiffs and the Class they seek to represent are now suffering, and will continue to suffer, irreparable injury from the City's discriminatory acts and omissions.

79.     The City's actions and omissions have caused and continue to cause Plaintiffs and all Class members substantial losses in earnings and other employment benefits for which they would be eligible as CFD firefighter/EMTs.

80.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because the City has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.  The Class members are entitled to injunctive relief to end the City's common, uniform, unfair, and discriminatory polices and/or practices.

81.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) for determination of the back pay claims of individual class members because the issue of liability is common to the Class and the common nucleus of operative facts forms the central issue which predominates over individualized issues of proof.  The primary question common to

13

the Class is whether the City discriminated on the basis of sex by utilizing the PAT. This question is so central to the case that it predominates over any individual issues among the members of the proposed Class. The City also engaged in a common course of conduct – administering the PAT to *Lewis* class members applying for one of the 111 firefighter/EMT positions – against all members of the proposed Class. Class certification under Rule 23(b)(3) would be superior to other methods for fair and efficient resolution of conflict because certification would avoid the need for repeated litigation by each individual class member.

82.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(c)(4) for determination of particular issues of classwide liability raised by Representative Plaintiffs' disparate impact and disparate treatment claims. Class certification pursuant to Rule 23(c)(4) is also appropriate to litigate Representative  Plaintiffs' claims for prospective classwide compliance and affirmative injunctive relief necessary to eliminate the City's discrimination against female firefighter/EMT applicants.

**FIRST CLAIM FOR RELIEF**
**(Disparate Impact)**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq*.)**
**(On Behalf of the Plaintiffs and the Class)**

83.     Plaintiffs incorporate by reference the preceding paragraphs as alleged above.

84.     This Claim is brought by Individual Plaintiffs on behalf of themselves and by Representative Plaintiffs on behalf of themselves and the Class they seek to represent.

85.     The City has used an employment practice, i.e., the PAT, that has a disparate impact on the basis of sex that is neither job related for the firefighter/EMT position nor consistent with business necessity. The foregoing conduct constitutes unlawful discrimination in violation of 42 U.S.C. §§ 2000 *et seq.*

86.     The City has failed and refused to use available alternative firefighter/EMT physical abilities tests that are valid and less discriminatory.

**SECOND CLAIM FOR RELIEF**
**(Disparate Treatment)**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq.)**
**(On Behalf of the Plaintiffs and the Class)**

87.     Plaintiffs incorporate by reference the preceding paragraphs as alleged above.

88.     This Claim is brought by Individual Plaintiffs on behalf of themselves and Representative Plaintiffs on behalf of themselves and the Class they seek to represent.

89.     The City has discriminated against female applicants from the *Lewis* plaintiff class on the basis of sex by knowingly using an employment practice, i.e., the PAT, that causes a disparate impact on the basis of sex that is neither job related for the firefighter/EMT position nor consistent with business necessity with the intended result that otherwise qualified female applicants for the firefighter/EMT position have been disproportionately prevented from becoming firefighter/EMTs for the City.  The foregoing conduct constitutes unlawful discrimination in violation of 42 U.S.C. §§ 2000 *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class pray for relief as follows:

90.     Certification of the case as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (3), and (c)(4);

91.     Designation of Plaintiffs Godfrey, Morris, Watkins, Davis, Dently, and Lloyd as representatives on behalf of the Class;

92.     Designation of Plaintiffs' counsel as Class counsel;

93.     A declaratory judgment that the practices complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*;

94.     A preliminary and permanent injunction against the City and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in the unlawful policies, practices, customs, and usages set forth herein;

95.     An order requiring the City to adopt a valid, non-discriminatory method for determining whether firefighter/EMT candidates are physically capable of performing the job;

421143-11

96.     An order requiring the City to hire Plaintiffs and Class members as firefighter/EMTs with retroactive seniority and benefits to the date on which they would have been selected but for the City's actions, or in lieu of reinstatements, an order for front pay and benefits;

97.     An order awarding Plaintiffs and the Class back pay (including interest and employee benefits);

98.     An order awarding Plaintiffs and the Class their costs, including reasonable attorneys' fees as provided for in 42 U.S.C. § 2000e-5(k);

99.     An order awarding Plaintiffs and the Class pre-judgment and post-judgment interest, as provided by law; and

100.     Such other and further equitable relief as this Court deems necessary, just, and proper.

Dated:  October 26, 2012          Respectfully submitted,

s/ Marni Willenson
MARNI WILLENSON
WILLENSON LAW, LLC
marni@willensonlaw.com
542 S. Dearborn Street, Suite 610
Chicago, IL  60605
(312) 546-4910; (312) 261-9977 (Fax)

TERESA DEMCHAK, CA Bar No. 123989
tdemchak@gdblegal.com
DAVID BORGEN, CA Bar No. 099354
dborgen@gdblegal.com
BARRY GOLDSTEIN, *Of Counsel*, CA Bar No. 141868
bgoldstein@gdblegal.com
LIN CHAN, CA Bar No. 255027
lchan@gdbelgal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
     DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800; (510) 835-1417 (Fax)

421143-11

SUSAN P. MALONE
malonelaw@sbcglobal.net
20 N. Clark Street, Suite 1725
Chicago, IL  60602
(312) 726-2638

Attorneys for Plaintiffs and the Putative Class

17

421143-11