IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE GODFREY, GAIL MORRIS, TAMALA WATKINS, EVELYN DAVIS, MONICA DENTLEY, and CARLA LLOYD, individually and on behalf of all others similarly situated; and KIMBERLY BAILEY, MILDRED BROWN, LYNETTE COLLINS, LONETTA CURTIS, LAURA HENRY, LYNETTE MOORE, ERICA D. SANDERS, GWEN STEVENSON, YOLANDA WEBB, SHEILA WILLIAMS, DANITA WILLIAMS, and LETREONA WOODS, individually; <br><br> *Plaintiffs*, <br><br> v. <br><br> THE CITY OF CHICAGO, a municipal corporation; <br><br> *Defendant*. | Case No. 12 C 8601 <br><br> Judge Sara L. Ellis <br><br> Magistrate Judge Maria Valdez |

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE REGARDING TIME FOR FACT AND EXPERT DISCOVERY

Plaintiffs, by their undersigned counsel, in further support of their motion to extend fact discovery state as follows

1. Defendant agrees that fact discovery should be extended to January 31, 2015. Defendant suggests however that this Court should also set dates for service of expert reports including an extra opportunity for the defense to issue a "surrebuttal" expert report.

2. Defendant accurately states that this was not discussed between the parties nor agreed. Plaintiffs attempted to discuss this with the defense and asked that

the defense contact Plaintiffs. Defendant declined this opportunity to meet and confer. *See* Declaration of Marni Willenson ¶¶3-5.

3. Supervision of discovery has been referred in this matter to the magistrate judge, Honorable Maria Valdez. There are a number of discovery issues pending before Magistrate Judge Valdez, including ongoing supervision of e-discovery and Plaintiffs' continued motions to compel document production, and it appears probable this will continue throughout fact and expert discovery.

4. Defendant's proposed schedule for expert discovery is unworkable and inappropriate. As stated, Defendant suggests that it ought be granted the last word in expert discovery—ignoring the relative burdens of proof on both the disparate treatment and disparate impact discrimination claims[1]—and that as soon as the Defendant provides its "surrebuttal reports," expert discovery should close on May 22, 2015.[2]

5. Plaintiffs suggest given that supervision of discovery has been referred to Magistrate Judge Valdez that the defense request be denied and the matter referred to

---

[1] Plaintiffs bear the ultimate burden of proof on their disparate treatment claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973). Likewise, on the disparate impact claims, Plaintiffs bear the initial burden of establishing that the City's physical performance test had an adverse impact on female firefighter/EMT applicants. *See Ricci v. DeStefano*, 557 U.S. 557, 579 (2009); 42 U.S.C. §2000e-2(k). Later, if the City demonstrates that the test was job-related and consistent with business necessity, Plaintiffs must then prove that less adverse alternatives were available that the City failed to adopt. *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 999 (1988); 42 U.S.C. §2000e-2(k)(1)(A)(ii) and (C). Thus, Plaintiffs bear the ultimate burden of proof on both the disparate treatment and disparate impact claims.

[2] Defendant therefore apparently contemplates that there will be no depositions of experts following disclosure of their reports – particularly for its "surrebuttal" final experts.

Magistrate Judge Valdez to set deadlines for expert disclosures and depositions. In the meantime, Plaintiffs continue their request that this Honorable Court grant the motion (to which all parties agree) to reset the close of fact discovery to January 31, 2015.

6.  Plaintiffs further request that the deadline for expert discovery be vacated and that, consistent with the referral to Magistrate Judge Valdez, the dates for completion of expert discovery and the dates for initial, response and rebuttal reports and depositions also be set by the Magistrate Judge. This would permit the parties to complete their meet and confer obligations and permit setting of expert discovery completion in coordination with the Magistrate Judge's supervision of discovery.

7.  The extension of time for fact and expert discovery is not sought for any improper purpose and will allow the parties to complete both fact and expert discovery in a timely manner.

WHEREFORE, Plaintiffs request the Court to grant their Motion to Extend Time for Fact and Expert Discovery, and to grant such other relief as the Court deems just.

Dated: September 9, 2014                Respectfully submitted,

/s Marni Willenson
Willenson Law, LLC
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
(312) 546-4910
marni@willensonlaw.com

Susan P. Malone
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
(312) 726-2638

       smalonelaw@sbcglobal.net

       David Borgen; CA Bar No. 099354
       Goldstein, Borgen, Dardarian & Ho
       300 Lakeside Drive, Suite 1000
       Oakland, CA 94612
       (510) 763-9800
       dborgen@gbdhlegal.com

       Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she served a true and correct copy of the foregoing document and the supporting declaration on all counsel of record through the Court's Electronic Case Filing (ECF) system on September 9, 2014.

/s Marni Willenson