IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE GODFREY, GAIL MORRIS, TAMALA WATKINS, EVELYN DAVIS, MONICA DENTLEY, and CARLA LLOYD, individually and on behalf of all others similarly situated; and KIMBERLY BAILEY, MILDRED BROWN, LYNETTE COLLINS, LONETTA CURTIS, LAURA HENRY, LYNETTE MOORE, ERICA D. SANDERS, GWEN STEVENSON, YOLANDA WEBB, SHEILA WILLIAMS, DANITA WILLIAMS, and LETREONA WOODS, individually;<br><br>*Plaintiffs*,<br><br>v.<br><br>THE CITY OF CHICAGO, a municipal corporation;<br><br>*Defendant*. | Case No. 12 C 8601<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Maria Valdez |

### DECLARATION OF MARNI WILLENSON IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE REGARDING TIME FOR FACT AND EXPERT DISCOVERY

MARNI WILLENSON declares as follows:

1. I am one of lead counsel for Plaintiffs in the above-captioned case and make this declaration in support of Plaintiffs' Reply to Defendant's Response Regarding Time for Fact and Expert Discovery. I have personal knowledge of the facts stated in this declaration.

2. On Thursday, September 4, 2014, the parties agreed at a face-to-face meeting to seek an extension of fact discovery through January 30, 2015.

3. Counsel for Defendant, Brian Weinthal, later sent a draft stipulation for Plaintiffs' review. The draft was not acceptable to Plaintiffs because, among other things, it sought to impose expert discovery deadlines that had never been discussed or agreed upon. One of my co-counsel sent Mr. Weinthal an e-mail asking for new draft of the stipulation addressing only the agreed-upon extension of fact discovery. He further indicated that Plaintiffs were willing to discuss proposed expert discovery deadlines and the City's request for additional time to respond to Plaintiffs' class certification motion once the agreed-upon stipulation was filed. Finally, my co-counsel asked Mr. Weinthal to please direct further communications on the subject to me.

4. On Monday morning, September 8, I sent Mr. Weinthal another e-mail, asking him to send a "clean" stipulation for our review and stating, as before, that Plaintiffs would consider the City's requests on the expert discovery schedule and extension of time to respond on class certification once the agreed-upon motion to extend fact discovery was filed.

5. Plaintiffs were prepared to agree to a one-week extension of time for the City to respond to Plaintiffs' class certification motion; however, Mr. Weinthal did not reply to my e-mail or attempt any other communication with me. Instead, the City went ahead and filed its "reply" on the motion to extend fact discovery, seeking permission for "surreply" experts, and to extend the deadlines on the class certification by two weeks, which would require Plaintiffs to file their reply papers a mere two weeks before counsel will begin a three week jury trial before Judge Norgle in *Ernst v. City of Chicago*, Case No. 08-C-4370 (N.D. Ill.) (Norgle, J.). *See Ernst* ECF. Nos. 382

2

(Order Denying Motion for Partial Summary Judgment and to Strike Plaintiffs' Jury Demand) and 425 (setting November 4, 2014 trial date). Thus, the statement that "[t]he City was unable to reach an agreement with Plaintiffs regarding the requested relief," (ECF No. 143), is inaccurate and misleading.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on September 9, 2014.

                                             */s Marni Willenson*