IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE GODFRE, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, a municipal ) <br> corporation ) <br> ) <br> Defendant. ) | No. 12 C 08601 <br><br> Magistrate Judge <br> Maria Valdez |

## PRELIMINARY APPROVAL ORDER

Plaintiffs Katherine Godfrey, Carla Lloyd, Gail Morris, Tamala Watkins and Monica Dentley (the "Settlement Class Representatives"), on behalf of themselves and all others similarly situated, and Kimberly Bailey, Mildred Brown, Lynette Collins, Lonetta Curtis, Evelyn Davis, Laura Henry, Lynette Moore, Erica D. Sanders, Gwen Stevenson, Yolanda Webb, Sheila Williams, Danita Williams and Letreona Woods (the "Individual Plaintiffs") (collectively, "Plaintiffs"), and Defendant the City of Chicago ("Defendant"; collectively with Plaintiffs, the "Parties"), having filed a Motion for Preliminary Approval of Class Action Settlement (the "Motion," Docket No. 164), seeking an order granting preliminary approval of the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation and Agreement of Settlement (the "Stipulation") entered into by the Parties;

The Parties being in agreement; and the Court being fully advised;

After review and consideration of the Stipulation and the Motion, and after due deliberation, IT IS HEREBY ORDERED that:

1. The Court, for purposes of this order (the "Preliminary Approval Order"), adopts the defined terms as set forth in the Stipulation.

2. The Court hereby conditionally certifies, solely for purposes of effectuating the Settlement, a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of all women who took and failed the firefighter PAT in November 2011, were assigned a randomized rank order under 455 pursuant to the *Lewis* Injunctive Order and were not otherwise disqualified for hire by reason of failing a drug screen.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and for the purpose of settlement only, Katherine Godfrey, Carla Lloyd, Gail Morris, Tamala Watkins and Monica Dentley are appointed as Settlement Class Representatives.

4. With respect to the Settlement Class, this Court expressly finds and concludes provisionally and for settlement purposes only, that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class

Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

5.  The law firms of Goldstein, Borgen, Dardarian & Ho of Oakland, California; and Willenson Law LLC, and the Law Office of Susan P. Malone of Chicago, Illinois are appointed as Settlement Class Counsel.

6.  Settlement Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

7.  The Court preliminarily approves the Settlement as set forth in the Stipulation as appearing to be within the range of fairness, reasonableness and adequacy. This preliminary approval is subject to the right of any Settlement Class Member to challenge the fairness, reasonableness and adequacy of the Stipulation, or the fairness and adequacy of their representation by Settlement Class Counsel,

and to show cause, if any exists, why final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Preliminary Approval Order.

8. By its express terms, the Stipulation is subject to the approval of the Settlement by the Chicago City Council, which was obtained on December 10, 2014.

9. The Court directs the City to pay Settlement Class Counsel Training and Testing Monies on or before January 2, 2015.

10. The Court directs and authorizes the City to retain Class Action Administration, Inc. as the Claims Administrator to administer the Settlement in accordance with the terms and conditions of the Stipulation.

11. The Court approves the Class Notice and Summary Class Notice attached to the Stipulation as Exhibits A and H, and finds the Class Notice and Publication of Summary Class Notice: (1) to constitute the best and most practicable notice to the members of the Settlement Class under the circumstances, (2) to be due and sufficient notice of the Final Approval Hearing, proposed Settlement and other matter set forth in the Class Notice and Summary Class Notice, and (3) to fully satisfy the requirements of due process and of Federal Rule of Civil Procedure 23(c)(2)(B).

12. The Court approves the form of the Proof of Claim attached to the Stipulation as Exhibit E.

13. The Court directs and authorizes the Claims Administrator to provide Class Notice to the Last Known Address or Updated Address (if applicable) of all Settlement Class Members by first class mail by January 2, 2015 (the "Notice Mailing"). Enclosed with all Class Notices shall be a Proof of Claim Form and postage pre-paid envelope addressed to the Claims Administrator.

14. The Court directs and authorizes the Claims Administrator to publish Summary Class Notice, in the form agreed to by the Parties, and attached to the Stipulation as Exhibit H, on three (3) occasions in the legal notice section of the *Chicago Tribune* in three (3) consecutive weeks, beginning January 2, 2015.

15. The Court directs and authorizes the Claims Administrator to maintain a toll-free VRU telephone line and answering service containing recorded answers to frequently asked questions, the content of which shall be agreed upon between Defendant's Counsel and Settlement Class Counsel along with an option permitting potential Settlement Class Members to speak to a live operator to leave messages in a voicemail box. The Court further directs and authorizes the Claims Administrator to maintain the Website for this Settlement for at least 90 days after the expiration of the period for the submission of Proofs of Claim.

16. At least five (5) days prior to the Final Approval Hearing, the Claims Administrator shall prepare, and the Parties shall provide to the Court, a declaration by the Claims Administrator of due diligence and proof of mailing of the

Class Notices and Proof of Claim, and of the delivery results of the Claims Administrator's mailings including tracing and re-mailing efforts.

17. Any Settlement Class Member who objects to the Settlement, any part thereof, the representation of the Settlement Class by Settlement Class Counsel, or who otherwise wishes to be heard, may appear in person or by her attorney at the Final Approval Hearing and present evidence or argument that may be proper or relevant; provided, however, that no person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless such person objects to the Settlement, or any part thereof, in writing by mailing a written objection to the Claims Administrator postmarked no later than March 2, 2015. Settlement Class Members shall be permitted to withdraw their objections at any time prior to the Final Approval Hearing.

18. Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement and the Settlement Class. Any such person must submit to the Claims Administrator a Request for Exclusion postmarked no later than March 2, 2015. The Request for Exclusion may be rescinded at any time prior to the Final Approval Hearing.

19. Any Settlement Class Member who wishes to be considered for hire pursuant to the terms of the Settlement must submit an interest card to the Chicago Fire Department ("CFD") Fire Academy South, located at 1338 S. Clinton

6

Ave., no later than 4:00 p.m. on January 23, 2015. Any Settlement Class Member who wishes to receive a Backpay Award must submit a Proof of Claim to the Claims Administrator postmarked no later than March 2, 2015. Unless a Settlement Class Member submits a valid and timely Request for Exclusion, a Settlement Class Member who takes no action will be bound by the Final Judgment, and will not receive any payment, or opportunity to be considered for hire.

20. If the Settlement Effective Date does not occur for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), (i) shall be without prejudice, and none of the terms shall be effective or enforceable; (ii) the costs of Class Notice and the Administrative Costs that have been incurred or expended pursuant to the terms of the Stipulation shall be paid by the City; (iii) the Parties shall revert to their litigation positions immediately prior to the execution of the Stipulation; and (iv) the fact and terms of the Stipulation and Settlement shall not be admissible in any trial of this or any other litigation.

21. All proceedings in the Action, other than those proceedings that may be necessary to carry out the terms and conditions of the Settlement are hereby stayed and suspended until further order of this Court.

22. Neither this Preliminary Approval Order, the Motion, the Stipulation, any provisions contained in the Stipulation, any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto

shall be construed as, or deemed to be evidence of, an admission or concession on the part of the City or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Settlement Class, or any other Person, has suffered any damage. In addition, neither this Preliminary Approval Order, the Motion, the Stipulation, any provisions contained in the Stipulation, any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as an acceptance or endorsement of the CPAT by the Individual Plaintiffs or Settlement Class Representatives for themselves or the Settlement Class or by the Court for any purpose or use other than its interim use as a term and condition of the Stipulation and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of an acceptance or endorsement of the CPAT for use in employee selection or retention.

23. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Settlement Class.

24. This matter is set for a hearing on final approval of the Settlement on March 26, 2015 at 11:00 a.m.

25. The Parties will appear before the Court for a monthly status hearing, as scheduled by the Court, to report on the implementation of Article V of the Stipulation.

**SO ORDERED.**                 **ENTERED:**

**DATE:**    <u>**December 19, 2014**</u>

*Maria Valdez* (signature)

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**