IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE GODFREY, *et al.* <br><br> *Plaintiffs*, <br><br> vs. <br><br> CITY OF CHICAGO, a municipal corporation, <br><br> *Defendant*. | Case No.: 12 CV 08601 <br><br> Magistrate Judge Maria Valdez |

## PLAINTIFFS' MOTION FOR ENTRY OF FINAL APPROVAL AND JUDGMENT ORDER

Pursuant to Rule 23, Plaintiffs, by and through the undersigned Settlement Class Counsel, respectfully move for the entry of the Final Approval and Judgment Order attached hereto as Exhibit A.[1] The facts and law supporting Plaintiffs' Motion are set forth in their accompanying Memorandum of Law. In addition, an electronic version of the proposed Final Approval and Judgment Order will be sent to Proposed_Order_Valdez@ilnd.uscourts.gov in a format compatible with Word Perfect and Microsoft Word.

Plaintiffs and the City dispute whether the Court, in the Final Approval and Judgment Order, should retain jurisdiction to "administer, implement, interpret or enforce the Final Judgment"—as Article XIII of the Settlement expressly states. *See* Joint Stipulation and Class Action Settlement Agreement, attached hereto as Exhibit B, Article XIII(B) ¶8 (Settlement at 43). Contrary to the Settlement, the

---

[1] Exhibit A includes a Track Changes version of the proposed Order showing the revisions from the proposed order included as an exhibit to the Settlement.

City insists that the Court must terminate this case and, thus, its own jurisdiction by entering a final dismissal with prejudice before the City will release the negotiated and approved settlement funds. The City's position is contrary to the Settlement, which provides for the payment of Settlement funds to the Claims Administrator within 30 days of final approval—a date that has already passed. Settlement Article XIII(C) (Settlement at 43-44).

In addition, entry of an order dismissing the case with prejudice contrary to Article XIII of the Settlement would void affirmative relief that the Court already has approved, protecting Settlement Class Members in the hiring process. Specifically, if the Court were to relinquish jurisdiction now, which it must do if the case is dismissed with prejudice, the parties cannot implement Article V(B) of the Settlement, which provides for judicial review of adverse decisions of the Chicago Fire Department Applicant Review Committee ("ARC"). Thus, Settlement Class Members seeking hire but disqualified by the ARC would be denied the protection of judicial oversight of adverse ARC decisions—negotiated and approved relief that was expected to be implemented *after* a final judgment.

In addition to the jurisdictional issue, the initial proposed order appended to the Settlement failed to incorporate several provisions of the Settlement that afford relief to the Settlement Class. These provisions include, among others, discontinuance of the City's use of the physical performance test that was the subject of this lawsuit, restrictions on the physical performance testing that the City is permitted to conduct in the Fire Academy, and other injunctive-relief-type

terms. For Plaintiffs to secure enforcement of these provisions through Federal Rule of Civil Procedure 65, all of this negotiated and approved relief must be expressly incorporated into the Final Approval and Judgment Order. *See Blue Cross & Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006). The proposed order attached as Exhibit A incorporates the missing terms.

Accordingly, as set forth in Plaintiffs' Memorandum of Law and in the attached Exhibit A, the final dismissal in this action should without prejudice, to convert to prejudice after the terms of Article V(B) are completed.

Dated:  May 4, 2015

Respectfully submitted,

/s Marni Willenson

Marni Willenson
marni@willensonlaw.com
WILLENSON LAW, LLC
542 S. Dearborn Street, Suite 610
Chicago, IL  60605
Tel:  (312) 546-4910

David Borgen, CA Bar No. 099354
dborgen@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:  (510) 763-9800

Susan P. Malone
smalonelaw@sbcglobal.net
542 S. Dearborn Street, Suite 610
Chicago, IL  60605
Tel:  (312) 726-2638

Settlement Class Counsel and Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      The undersigned counsel hereby certifies that she served a true and correct copy of the foregoing motion upon all counsel of record through the Court's ECF/CM System on May 4, 2015.

      <u>/s Marni Willenson</u>